IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHEYENNE ANGLE<br>5613 North Classen Boulevard<br>Oklahoma City, Oklahoma 73113<br><br>***On Behalf of Herself and All***<br>***Other Similarly Situated Individuals***<br><br>　　PLAINTIFF[1],<br><br>　v.<br><br>RENO CAFÉ, LLC<br>D/B/A NIGHT TRIPS<br>220 South Vermont Avenue<br>Oklahoma City, Oklahoma 73108<br><br>SERVE:  TJ Freeland<br>501 North Broadway<br>Edmond, Oklahoma 73034<br><br>　　DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>　Case No.:  CIV-19-366-R |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiff Cheyenne Angle ("Plaintiff"), by and through undersigned counsel, on behalf of herself and all other similarly situated individuals, hereby brings this Collective Action Complaint against the Defendant Reno Café, LLC d/b/a Night Trips ("Defendant"), and for grounds states as follows:

## PARTIES AND JURISDICTION

1.　　Plaintiff is an adult resident of Oklahoma City, Oklahoma.

2.　　Defendant is a limited liability company operating and holding itself out to the public as an exotic dance club featuring nude and semi-nude exotic dancers known as

---

[1] To avoid retaliation, Plaintiff has used the address of her counsel.

Night Trips and located at 220 South Vermont Avenue Oklahoma City, Oklahoma 73108.

3.     During the period relevant to this action (April 2016 through the date of judgment, hereinafter "the relevant period"), Defendant qualified as Plaintiff's employer and the employer of all other exotic dancers at the club, within the meaning of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and 40 O.S. § 165.1 ("Oklahoma's Protection of Labor).

4.     During the relevant period, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spiritous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

5.     By acting as the named plaintiff in this action, Plaintiff does each hereby affirm her consent to participate as a plaintiff in a collective action seeking relief under the FLSA and Oklahoma's Protection of Labor.

6.     This Court has personal jurisdiction of the Defendant, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, constitutes proper venue pursuant to 28 U.S.C. § 1391.

7.     This Court has pendent jurisdiction over the state law claim arising under Oklahoma law as the claim arises under the same set of facts as the federal statutory claims.

## FACTS

8.     During the period of about March 2018 through about February 2019, Plaintiff was employed by Defendant as an exotic dancer at Defendant's "Night Trips"

gentlemen's club in Oklahoma City, Oklahoma.

9.     During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

10.     During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

11.     On information and belief, Defendant has possession of time and/or sign in "house fee" payment records Plaintiff and all other exotic dancers employed by Defendant during the period of April 2016 through the date of judgment in this case ("the relevant period" or "at all times").

12.     At all times, Defendant had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at the club.

13.     At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

14.     At all times during the relevant time period, Defendant totally failed to pay wages to Plaintiff and all other exotic dancers for work duties performed.

15.     At all times during the relevant time period, Defendant misclassified Plaintiff and all other exotic dancers at Night Trips as independent contractors and not as employees.

16.     At all times during the relevant time period, Defendant controlled all

aspects of the job duties Plaintiff and all other exotic dancers performed inside the Night Trips gentlemen's club through employment rules and workplace policies.

17.     At all times, Defendant controlled the method by which Plaintiff and all other exotic dancers could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

18.     At all times, Plaintiff and other exotic dancers were required to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

19.     At all times, Defendant hired Plaintiff and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

20.     At all times, Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

21.     At all times, Defendant conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at Defendant's sole discretion, could deny either Plaintiff or any other dancer access or ability to dance and/or work at The Night Trips.

22.     At all times, Defendant had the right to suspend or send Plaintiff or other exotic dancers home and away from the club if Plaintiff or other dancers violated rules or policies or if Defendant, at its discretion, did not want Plaintiff or any other dancer at the club.

23.     As a condition of employment with Defendant, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

24.     At all times relevant, Defendant was in the business of operating a night club featuring exotic dancers and at all times it was the job duty of Plaintiff and each other exotic dancer to perform as exotic dancers for Defendant's customers.

25.     In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Defendant required Plaintiff and all other exotic dancers to pay Defendant a house fee or kickback of $25.00-$50.00 or more for each shift Plaintiff and the other exotic dancers worked.

26.     At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and other exotic dancers received from customers.

27.     For at least the past ten (10) years, gentlemen's clubs like Night Trips have publically been sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA.

28.     On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for at least the past ten (10) years, there has been ongoing or past litigation by exotic dancers against gentlemen's clubs like Night Trips in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA.

29.     On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for at least the past ten (10) years, courts across the country in ongoing or past litigation have found that exotic dancers like Plaintiff and other exotic dancers at Night Trips were employees and not independent contractors and were owed minimum wage compensation under the FLSA.

30.     For the entire time period relevant to this action, Defendant has had actual or constructive knowledge that it misclassified Plaintiff and other exotic dancers at the Night Trips as independent contractors instead of as employees and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff is pursuing this lawsuit on behalf of herself and all other similarly situated individuals who performed work duties as exotic dancers for Defendant at Defendant's Night Trips gentlemen's club during the period April 2016 through the final judgment of this case.

32.     Plaintiff and other current and former exotic dancers employed by Defendant at Night Trips are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fee kickback to Defendant for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

33.     Plaintiff is substantially similar to other current and former exotic dancers employed by Defendant because all other exotic dancers and Plaintiff are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA;  Plus (5) statutory liquidated damages as provided by Oklahoma wage claim law for failure to pay earned compensation.

34.     On information and belief, Defendant has employed at least fifty (50) current and former exotic dancers at Night Trips in the past three (3) years.

35.     On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at Night Trips in the past three (3) years.

## FIRST CAUSE OF ACTION
### Violation of Federal Fair Labor Standards Act

36.     Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

37.     The FLSA required Defendant to pay Plaintiff and other similarly situated female exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

38.     The FLSA required that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

39.     As set forth above, Defendant failed to pay Plaintiff and other similarly

7

situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

40.     Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

41.     Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## SECOND CAUSE OF ACTION
### Violation of Oklahoma Protection of Labor Statute

42.     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 41 of this Complaint.

43.     The failure to provide to and pay to Plaintiff, and other similarly situated present and former employees, earned, accrued and unpaid wages is a violation of 40 O.S. §§ 165.1, 165.3, 165.9, 197.4, 197.9, *inter alia*.

44.     The damages for such violations are earned, accrued and unpaid wages together with prejudgment interest on such sums through payment, double (or liquidated) damages equal to that principal sum for such non-payment, prejudgment interest and attorney's fees.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure

their claims are not lost to the FLSA statute of limitations;

B.  Permitting this case to proceed as a collective action under 40 O.S. § 165.9 of Oklahoma's Protection of Labor;

C.  Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

D.  Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

E.  Judgment that Defendant's violations of the FLSA minimum wage requirements not the product of good faith on the part of Defendant;

F.  Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

F.  An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

G.  An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

H.  An award of statutory liquidated damages in amounts prescribed by the FLSA and/or Oklahoma's Protection of Labor;

I.  An award of attorneys' fees and costs to be determined by post-trial petition;

J.  Leave to add additional plaintiffs by motion, the filing of written consent

forms, or any other method approved by the Court; and

      K.  Such further relief as may be necessary and appropriate.

                         Respectfully submitted,

Dated: April 24, 2019              s/Jeff Taylor
                         Jeffrey A. Taylor, Esq.
                         Jeffrey A. Taylor, P.C.
                         5613 North Classen Boulevard
                         Oklahoma City, Oklahoma 73118
                         (844) 445-2387 (ph)
                         Email: taylorjeff@mac.com

                         Gregg C. Greenberg, MD Fed. Bar No. 17291
                         (To Be Admitted Pro Hac Vice)
                         Zipin, Amster & Greenberg, LLC
                         8757 Georgia Avenue, Suite 400
                         Silver Spring, Maryland 20910
                         (301) 587-9373 (ph)
                         Email:  GGreenberg@ZAGFirm.com

                         *Counsel for Plaintiff and the FLSA Collective*